IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                              4:08-CR-00189-02-JMM

QUINCY DWAYNE BOYD

**ORDER**

Pending is Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582 (Doc. No. 96), based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction.

On December 17, 2008, Defendant pled guilty to Count 1 of the indictment, after stipulating, under a plea agreement, to conspiracy to possess at least 2,150 grams cocaine powder.[1] On June 19, 2009, Defendants was sentenced to 120 months in prison.[2]

The charge Defendant pled guilty to and his sentence involved only powder cocaine. Since Amendment 750 applies only to sentences involving cocaine base, Defendant is not entitled to a reduction under the Guideline Amendment.

Additionally, Defendant's base offense level and sentence were not based on the drug quantity table, but rather on his status as a "career offender" under U.S.S.G. § 4B1.1.[3]  Therefore, the amended crack cocaine sentencing guidelines do not apply.

Accordingly, Defendant's Motion to Modify Sentence (Doc. No. 96) is DENIED.

IT IS SO ORDERED this 4th day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Doc. No. 59.

[2] Doc. Nos. 78, 79.

[3] See the United States Sentencing Commission's "Reader-Friendly" Version of the Final 2011 Guideline Amendment Implementing the Fair Sentencing Act, *available at* http://www.ussc.gov/Meetings_and_Rulemaking/Materials_on_Federal_Cocaine_Offenses/20110428_RF_Amendments_Pages.pdf